ESTATE OF ARTHUR S. KRAUS, DECEASED, RENEE KRAUS, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Kraus v. Commissioner
Docket No. 45576-85
United States Tax Court
T.C. Memo 1990-399; 1990 Tax Ct. Memo LEXIS 416; 60 T.C.M. (CCH) 312; T.C.M. (RIA) 90399; July 30, 1990, Filed *416 Decision will be entered under Rule 155. Lawrence C. Rubin, for the petitioner. David L. Zoss, for the respondent. COHEN, Judge. COHEN
SUPPLEMENTAL MEMORANDUM OPINION Our prior Memorandum Findings of Fact and Opinion was reviewed by the Court of Appeals for the Seventh Circuit in , affg. in part and revg. and remanding in part . The Court of Appeals remanded this case for us to admit evidence discovered by petitioner after our prior opinion was filed and to reconsider our holding. Background
Detailed findings of fact and analysis are set forth in our prior opinion and in the opinion of the Court of Appeals. Briefly, decedent, Arthur *417 S. Kraus, was a certified public accountant with extensive tax experience. In 1977, decedent executed an amendment to a trust originally executed in 1970. The trust was prepared by Michael Rotman (Rotman), an attorney and cousin of decedent. The 1977 changes were initiated by Rotman after the adoption of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520. The 1977 trust amendment, by its language, created a special power of appointment, although general language of the trust stated that "The grantor intends that this trust shall qualify for the Federal estate tax marital deduction." Petitioner contends that the special power of appointment resulted from a scrivener's error in omitting five words from a form intended to create a general power of appointment. Decedent died in 1981. In 1986, upon the petition of Mrs. Kraus, as trustee, Rotman's law firm secured reformation of the trust from the Circuit Court of Cook County, Illinois, Chancery Division. In our prior opinion, we concluded that the reformation in the state court was not binding on respondent. The Court of Appeals affirmed this portion of our opinion. In our prior opinion, we held that petitioner had failed *418 to prove by clear and convincing evidence that decedent intended to give Mrs. Kraus a general power of appointment under the 1977 amendment. We stated that (1) decedent knew what language creates a general power and a special power and the estate tax consequences of each, and (2) Rotman's testimony that the mistake occurred in entering the form into his word processor was uncorroborated. We also noted that (3) petitioner's only other witness was Mrs. Kraus, who testified that her understanding was that she was going to handle the trust for the benefit of the family, thus negating an inference that she could appoint the trust property to any stranger. The Court of Appeals indicated doubt about our first conclusion and did not mention our note. As to the second conclusion, the Court of Appeals held that newly discovered evidence concerning other mistakes made by Rotman should be admitted and considered. The Existing Record
Trial of this case was held in Chicago, Illinois, on June 17, 1987. Our opinion was filed April 14, 1988. On May 13, 1988, petitioner's Motion for Reconsideration and for Further Trial was filed, representing that certain evidence had been discovered *419 subsequent to the date of our opinion. The opinion of the Court of Appeals was filed May 22, 1989. On June 30, 1989, pursuant to the remand, this Court issued an Order setting this case for further trial in Washington, D.C., on September 19, 1989, but provided that the parties could stipulate to testimony in the form of depositions in lieu of presenting live testimony to the Court. At the request of the parties, the case was stricken from the September 19, 1989, Washington, D.C., trial session. The parties reported that they had agreed to take depositions of petitioner's witnesses. They were advised that, if any testimony was necessary after completion of the depositions, the testimony could be taken in Chicago, Illinois, in March 1990, at which time the Judge who heard the original evidence would be present in Chicago. In thereafter seeking further extensions of time, the parties represented to the Court that testimony aside from the depositions would not be necessary. Depositions of three witnesses ultimately were taken, including one in Florida. On April 13, 1990, petitioner filed a Motion for Judgment (On Remand). In that motion, petitioner requests a formal hearing *420 "if the court believes there is any question as to the credibility of the witnesses or believes that it is necessary to review the witnesses demeanor has further inquiry of the witnesses or believes additional evidence would be necessary to sustain petitioner's argument." After respondent's notice of objection to petitioner's motion was filed, petitioner requested still another extension of time to file a reply. Regardless of our decision on remand, we agree with respondent that this case should be decided on the present record, including the depositions taken by agreement of the parties, and that petitioner may not continue to try this case in piecemeal fashion by hindsight. The New Evidence
The evidence on remand consists of the testimony of Rotman, Harold Silver (Silver), another client of Rotman, and Mandel Schenk (Schenk), an accountant for Silver. The testimony of Schenk and Silver corroborates Rotman's assertion that an error in Silver's trust occurred in the manner in which the claimed error in decedent's trust occurred. Silver also testified that he did not intend the power of appointment in his trust to be a limited power of appointment. From this testimony, it *421 appears that Rotman made a mistake in the trust prepared for another client at the same time that he claims he made a mistake with respect to decedent's trust. Respondent objects to those portions of the testimony of the deponents that deal with the intention of Silver with respect to his trust, arguing that it is not relevant to this case. In view of the importance given by the Court of Appeals to the matter of corroboration, we will receive and consider Silver's testimony. Unlike decedent, however, Silver had no background in tax matters and apparently could not readily ascertain the meaning of particular trust provisions. Respondent also raises various objections to the testimony of Rotman, including a general objection to the relevance of the testimony to the intent of decedent. In view of the opinion of the Court of Appeals, that objection must be overruled. Respondent also objects that certain matters should have been covered in the original trial and are unrelated to the newly discovered evidence. Much testimony in this category merely compares decedent's situation with Silver's situation. Thus it may be considered for completeness and continuity. Respondent further *422 objects to a question and testimony as follows: Q Is it correct that Mr. Kraus did not do any work in this area, estate planning? MR. ZOSS: Objection. That's outside the scope of the motion, and it was completely within the parameters of the evidence that could have or should have been submitted at the original trial. MR. RUBIN: You can read the question back. THE WITNESS: The answer is yes, he did not do work in this area.
Respondent objects on the ground that the testimony sought is contrary to the terms of the original stipulation of facts, which included an affidavit given by Rotman to the Circuit Court of Cook County, Illinois, Chancery Division, in which he stated that "the decedent Arthur Kraus * * * was well aware of section 2056 and its requirements." We agree with respondent that the leading question and the answer are an attempt by petitioner to bolster an argument in response to our prior opinion and that of the Court of Appeals. In our view, it should not be considered in contravention of the stipulation or in derogation of the findings of fact in our prior opinion. We acknowledge, however, that the Court of Appeals did not give significant *423 weight to the finding of knowledge on the part of decedent in our prior opinion. Discussion
Upon receipt of petitioner's post-opinion motion for further trial, we directed a response by respondent. In that response filed June 10, 1988, respondent argued: The Court's opinion did not rest solely upon the fact that Rotman's testimony at trial was uncorroborated. The Court also found that the decedent, Arthur Kraus, "[w]as aware of the language required to provide for a general power of appointment to qualify under section 2056" and stated that "[T]he decedent was a knowledgeable person and presumably read and understood this specific language." The court also relied upon testimony of Mrs. Kraus which it found to be inconsistent with the position advocated by petitioner. Finally, the Court found Rotman's own testimony as to his discussions with the decedent inconsistent with the terms of the 1977 amendment as a whole. Obviously, the Court did not conclude that petitioner had failed to meet the requisite evidentiary standard solely upon the fact that Rotman's testimony as to mistake was uncorroborated. [Fn. ref. omitted.]
Because we found respondent's response *424 persuasive, we denied petitioner's motion without separately stating our reasons. In retrospect, we should have made clear our reasons for denying petitioner's motion. We also agree with the following statement from respondent's objection to petitioner's present motion: Rotman's testimony, at best, shows that it was he, and not decedent, who was mistaken concerning the language used in the amendments, and does not indicate that decedent, whose intent is crucial, ever intended any language other than that actually contained in the amendments. * * *
Respondent now asks that we reach the same result for the same reasons as stated in our earlier opinion. The opinion of the Court of Appeals does not leave us the discretion that respondent urges on us. In affirming our opinion on the then record, the Court of Appeals stated: The Estate argues that the Commissioner failed to contradict the evidence offered by the Estate, especially Rotman's testimony. The Estate misses the point. The amended trust, precatory language regarding an intent to create a marital deduction aside, speaks for itself. The amended trust created a special power in plain language. *425 It was incumbent on the Estate to refute the plain language and presumed correctness of the trust. The Commissioner bore no burden on this issue. The Estate relied primarily on Rotman's testimony. Rotman testified that the amended trust was one of many mistakes he made. Yet the Estate failed to introduce any evidence of these other mistakes. Rotman's unsupported testimony was simply not enough to convince the Tax Court that a mistake warranting reformation had been made. We have reviewed all of the evidence available to the Tax Court and while we might quibble about its finding that the decedent was aware of the language necessary for a marital deduction in light of the 1976 tax changes, we are not "left with the definite and firm conviction that a mistake has been committed." [United States v.] United States Gypsum Co., 333 U.S. [364] at 394-95, 68 S.Ct. at 541-42 [(1948)]. The Tax Court's decision to uphold the deficiency assessment was not clearly erroneous. [.]
In directing us to consider the newly discovered evidence, the Court of Appeals specifically stated: this newly discovered evidence *426 strongly corroborates Rotman's testimony and corrects a deficiency in the evidence that influenced the Tax Court's decision. As a result, the evidence is not merely cumulative or impeaching. Instead, it is vitally material to show that a mistake occurred. In light of the Tax Court's concern about the lack of corroboration, we find that the "newly discovered evidence," if believed, would change the result of the trial. * * * [.]
The evidence referred to by the Court of Appeals dealt only with corroboration of Rotman's testimony that he made a mistake in Silver's trust. We have no basis to reject that testimony as unbelievable, although many of the assertions made by Rotman are obviously those of an interested person and are intended to negate facts found in our opinion. We interpret the opinion of the Court of Appeals to mean that such evidence of a mistake by Rotman should be given greater weight than our inferences as to the sophistication and knowledge of decedent. In other words, petitioner has presented clear and convincing evidence that a mistake occurred, and the Court of Appeals has indicated that the mistake should *427 be imputed to decedent. We conclude that we are bound to change the result of the trial. To take account of concessions previously made by petitioner, Decision will be entered under Rule 155.